JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Angela Scott Ferencin

## DEFENDANTS
Lehigh University

**(b)** County of Residence of First Listed Plaintiff  Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
E. Daniel Larkin
742 S. Latches Lane Merion Station PA 19066
610.660.5201

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S. Code Sec. 2000e - 2(a) (1) [Section 703].
Brief description of cause:
Prohibited employment practices -- gender and race discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

E. Daniel Larkin
Attorney at Law
742 S. Latches Lane
Merion PA 19066
610.660.5201
610.660.5940 (fax)
dan@danlarkinlaw.com

In the United States District Court for the Eastern District of Pennsylvania

Angela Scott Ferencin
     394 Yorkshire Drive
     Bethlehem, Pennsylvania 18017

    v.                                    **COMPLAINT**

Lehigh University
     27 Memorial Drive West
     Bethlehem PA 18015

## I. Jurisdictional Statement

1. This is an action for unlawful employment practices and arises under 42 U.S. Code Sec. 2000e–2(a) (1) [Section 703]) and 29 U.S. Code Sec. 623 (a) (1) [Section 4].

2. This Court has original subject matter jurisdiction over the matters alleged herein under 28 USC §1331 and *in personam* jurisdiction over Defendant, a resident of the State of Pennsylvania.

3. Venue lies in this Court under 28 USC §1391.

## II. The Parties to this Action

4. Plaintiff in this action is Angela Scott Ferencin, an adult, female African American individual and at all times relevant to this action an employee of Lehigh University.

5. Ferencin was continuously employed at and by the University from May 31, 2012 through June 30, 2017, the date of her constructive discharge.

6.

    a. Ferencin's position at the University at the time of her appointment was Director of Academic Diversity and Outreach.

    b. At the time of her constructive discharge she had been reduced in rank to Program Director, Community Education Initiative.

7. Defendant in this action is Lehigh University, referred to herein as "Lehigh" or "the University," a private institution of higher education with a Pennsylvania campus in Bethlehem, Northampton County PA.

III. <u>Allegation of Prohibited Employment Practices by Lehigh adverse to Ferencin</u>

8.

    a. Ferencin's resignation, tendered at June 1, 2017, was compelled by the hostile work environment, known to University officers, described in the paragraphs that follow.

    b. From the time of her engagement by Lehigh at May 31, 2012 through June 30, 2017, her work environment at the University was characterized by working conditions so intolerable that she felt compelled to resign.

9. More particularly, during Ferencin's 5 years and a month of employment at Lehigh she was:

    a. Yelled at by Henry Odi, at the time the statement given here within quotation marks was made (October 8, 2012) Vice Provost for Diversity and Inclusion, and told that "You are NEVER to disagree with me in public . . . by email or in person. You do not know your place! . . . You do not know your place. . . . to be successful here at Lehigh, you cannot disagree with leadership."

    b. Odi, without consulting or informing Ferencin before his actions, undertook to defund a University program for which more than $80,000 had been raised by, among other means, advising then–current donors to the program to end their contributions.

    c. By formal complaint, filed through appropriate University procedures, accused of retaliatory behavior against a younger, white woman who Ferencin had hired two years earlier.

d. Through those same procedures it was determined that "there is insufficient credible evidence to conclude that Angela Scott engaged in retaliation against [the complainant] based on the information summarized herein."

10. A formal investigation of the complainant's allegations was conducted by a two person committee (Lehigh's Equal Employment Compliance Title IX Coordinator, according to Lehigh a magna cum laude graduate of Widener University School of Law and, before coming to Lehigh, a lawyer practicing in Harrisburg PA with "significant experience in civil litigation and equal opportunity compliance" and Lehigh's Interim Associate Dean of Students.

11. Despite the investigators' finding "insufficient credible evidence" from which to find retaliatory behavior on Ferencin's part, Ferencin was placed under a new supervisor, Sarah Stanlick, a person with only two years of relevant experience.

12. Ferencin was assigned to work under Stanlick in a small cubicle, and told (after twenty-five years of working in higher education administration) by Mr. Halladay (Vice President of Human Resources) that she was "in a supervisor/supervisee relationship with" Stanlick and that a failure to comply with Stanlick's "request" "can be seen as insubordination."

13.

a. The discrete interactions alleged above are neither isolated nor uncharacteristic of the circumstances under which Ferencin was compelled to work at Lehigh.

b. To the contrary, they fairly portray the five years and a month of her work environment at Lehigh, an environment "so intolerable that a reasonable person in the employee's position would have felt compelled to resign."

c. Being a reasonable person, compelled to protect herself from further discriminatory abuse, Ferencin resigned her position at Lehigh.

14. During the entirety of her employment at and by Lehigh Ferencin did not know of any, and on belief alleges that there were not any, instances of the University's subjecting white men, white women, or African American men to the hostile conditions to which she was subjected at Lehigh.

## IV. Conclusion

15. Ferencin alleges that her constructive discharge has caused her direct, personal harm.

Wherefore, Ferencin respectfully asks this Court for an order of judgment finding Defendant Lehigh liable to Ferencin in damages in excess of the jurisdictional amount for harm caused her by Lehigh's prohibited employment practices, for the costs of this litigation, for her reasonable attorney's fees, and for such further relief as the Court finds proven at the trial of this matter.

Respectfully submitted,

E. Daniel Larkin
Counsel for Angela Scott Ferencin
Plaintiff herein

April 9, 1018

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 394 Yorkshire Drive Bethlehem PA 18017

Address of Defendant: 27 Memorial Drive West Bethlehem PA 18015

Place of Accident, Incident or Transaction: Lehigh University 27 Memorial Drive West
Bethlehem PA 18015 *(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____     _____     _____
Attorney-at-Law                                    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/09/2018     _____     32395
Attorney-at-Law                                    Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

Angela Scott Ferencin                :        CIVIL ACTION
            v.                        :
Lehigh University                     :        NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

04/09/2018              _____          Plaintiff - A.S. Ferencin
**Date**                **Attorney-at-law**       **Attorney for**

610 660 5201            610 660 5940              cken@danlaskinlaw.com
**Telephone**           **FAX Number**            **E-Mail Address**

(Civ. 660) 10/02